**Homer SHARP, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13880.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 15, 1985.

Motion for Rehearing or Transfer to Supreme Court Denied May 6, 1985.

Application to Transfer Denied
June 25, 1985.

Donald L. Catlett, Public Defender, Jefferson City, for movant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant appeals from a denial of his motion under Rule 27.26 for post-conviction relief. He seeks to vacate a conviction and sentence for robbery in the first degree. Following trial by jury he was sentenced to twenty-five years' imprisonment.

He contends on appeal that the trial court erred in denying his motion (1) because he was denied effective assistance of counsel as his attorney failed to perfect a timely appeal from the conviction or to assist in perfecting his appeal, and the trial court failed to appoint counsel to assist in filing an appeal, and (2) because movant was denied his right to confront his accusers due to the trial court allowing out-of-court statements to be presented to the jury during the criminal trial by the testimony of the sheriff.

There was evidence that movant's attorney fully advised him of his right to an appeal, and the record shows that he was further advised regarding this by the trial judge after sentencing, and that movant decided not to file an appeal. The evidence complained of in movant's second point, if inadmissible, was trial error which did not deny movant any constitutional right and probably was not prejudicial to him.

Movant had to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Following the hearing the trial court made detailed and carefully considered findings of fact and conclusions of law as required by Rule 27.26(i). Judgment was entered in accordance with the findings and conclusions. Appellate review is to determine whether those findings, conclusions, and the judgment are clearly erroneous. Rule 27.26(j). We determine that they were not. No error of law appears and a further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

HOGAN, P.J., and MAUS and CROW, JJ., concur.